[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a one car accident occurring on April 27, 1990, in Fairfield, in which the plaintiff, Brian Rorick, was a passenger in an automobile driven by the defendant Timothy J. Cronin, and owned by his father, defendant Eugene Cronin. The plaintiff alleges that the motor vehicle in which he was a passenger went out of control, crossed the center line of the highway, went off the roadway and hit a tree, causing him serious personal injuries. The defendants denied that Timothy J. Cronin drove the motor vehicle in question in a negligent manner.
The plaintiff has moved (#114) for summary judgment on the issue of liability on the basis that there are no genuine issues as to any material fact. Practice Book § 384. In support of his motion for summary judgment, plaintiff has included his own affidavit, a copy of the defendant Timothy Cronin's deposition testimony, and a copy of a Fairfield police department accident report. The affidavit by plaintiff states that the road in question, Carroll Road, was clear and dry at the time of the accident, that he did not see any sand on the road, and that the defendant driver lost control of the vehicle "due to the speed" he was traveling, which, according to the affiant, was 50 m.p. h. in a 30 m.p. h. zone. Timothy Cronin states in his deposition that the road was "sandy," that he had no problem with his brakes or any other mechanical difficulties, and that he lost control of his vehicle on the top of a hill where there was a curve in the road. Plaintiff also submitted a copy of the police report where the investigating officer concluded on the basis of his investigation that the cause of the accident was the driver's high rate of speed because, according to the officer, the defendant was operating at a minimum of 46.87 m.p. h. In opposition to plaintiff's motion for summary judgment, the defendant driver submitted his affidavit to the effect that the road was sandy and he was therefore unable to keep the vehicle in control and on the roadway.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine CT Page 7936 issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld,224 Conn. 240, 247, 618 A.2d 506 (1992). See Practice Book §§ 384, 381. A material fact is one that will make a difference in the result of a case.Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin,208 Conn. 606, 616, 546 A.2d 250 (1988). The moving party in a summary judgment motion "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations and internal quotation marks omitted). Suarez v. Dickmont PlasticsCorp. , 229 Conn. 99, 105, 639 A.2d 507 (1994). In deciding such a motion, the court must view the evidence in the light most favorable to the nonmoving party. Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780-81, 595 A.2d 334 (1991). "In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist." (Citations and internal quotation marks omitted.) Dolnack v.Metro-North Commuter Railroad Co., 33 Conn. App. 832, 838,639 A.2d 530 (1994).
It is clear from reviewing the affidavits submitted in support and in opposition to summary judgment that an issue of fact truly exists. Plaintiff says the defendant lost control of the vehicle because he was going too fast. Defendant Cronin says he lost control because of sand on the road. Our task is not to decide who is correct, but rather to determine whether a genuine issue of material fact exists, and the reason for defendant's loss of control of his vehicle is that issue.
Having in the mind the twin rubrics regarding summary judgment, viz., the facts must be viewed in the light most favorable to the nonmovant, and the movant must show the absence of any real doubt as to the existence of any genuine issue of material fact; Home Insurance Co. v. Aetna Life Casualty Co., 35 Conn. App. 94, 102, ___ A.2d ___ (1994); summary judgment is denied.[1]
So Ordered.
Dated at Stamford, Connecticut, this 5th day of August, 1994.
William B. Lewis, Judge CT Page 7937